United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Renzo Barberi, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-20880-Civ-Scola |
| | ) |
| Retouch Doctors, LLC d/b/a Wheels | ) |
| Doctor and others, Defendants. | ) |

## Order Granting Motion to Set Aside Default

Defendant Retouch Doctors, LLC, doing business as Wheels Doctor ("Retouch Doctors"), has moved to set aside the Clerk's default that was entered against it on July 10, 2017. (Mot. to Set Aside Default, ECF No. 24.) The Plaintiff has not responded to the Defendant's motion, and the time to do so has passed.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court may consider (1) whether the defaulting party presents a meritorious defense; (2) whether the default was culpable or willful; and (3) whether setting it aside would prejudice the adversary. *Id.*

With respect to the first factor, Retouch Doctors notes that the Complaint alleges that the parking facilities of the building complex in which its store is located are not compliant with the ADA. (*See* Mot. at 2-3; Compl., ECF No. 1.) Retouch Doctors alleges that, pursuant to its lease, it is not responsible for the common areas of the building complex. (Mot. at 3.) Therefore, Retouch Doctors's defense is that its landlord is the party responsible for the alleged violations of the ADA. (Answer at 5, ECF No. 23.) Retouch Doctors's defense raises at least a hint of a suggestion that its case could have merit. *See Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 13-cv-20600, 2008 WL 162754, at *3 (S.D. Fla. 2008) (Marra, J.) (noting that likelihood of success is not the measure; the movant need only provide a hint

of a suggestion that its case has merit) (internal quotations and citations omitted).

With respect to the second factor, Retouch Doctors asserts that its actions were not willful, but were the result of excusable neglect. (Mot. at 4-5.) In support of this assertion, Retouch Doctors's manager, George Velasquez, submitted an affidavit that states that he contacted the manager of the building complex, Hugo Bosque, as soon as he was served with the Complaint. (Aff. ¶ 4.) Velasquez alleges that Bosque told him that the landlord was responsible for anything outside of the footprint of Retouch Doctors's shop, and Bosque subsequently sent Velasquez an "ADA Assistance Group, Inc. Compliance Inspection Report" that stated that all of the alleged violations were located outside of his shop. (*Id.* ¶¶ 5-6.) Velasquez was under the impression that the landlord was resolving the lawsuit, and was not aware that anything further was expected of Retouch Doctors until he received a letter from Plaintiff's counsel indicating that he was moving for a default. (*Id.* ¶¶ 6-7.) At that time, Velasquez immediately contacted counsel, who moved to set aside the default within ten days. (Mot. at 2-3.) Based on these factual allegations, Retouch Doctors's conduct does not rise to the level of willfulness, and it acted within a reasonable time to vacate the entry of default. *See Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1202 (11th Cir. 1999) ("'excusable neglect' is understood to encompass . . . negligence" as well as innocent oversight) (quoting *Pioneer Investment Serv's Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394 (1993)); *Griffin IT Media*, 2008 WL 162754, at *2 (setting aside default because even inexcusable neglect was not willful or culpable, and the defendant acted in a reasonable time to vacate the entry of default).

Finally, there is no evidence that the Plaintiff will suffer any prejudice if the default is vacated. Retouch Doctors is the only remaining Defendant in this matter, and the case is in the early stages of litigation. Furthermore, the Plaintiff has not submitted an opposition to the Defendant's motion that identifies any prejudice that he will suffer if the default is vacated.

Accordingly, the Court **grants** Retouch Doctors's motion to set aside the Clerk's entry of default (**ECF No. 24**).

**Done and ordered** at Miami, Florida on August 7, 2017.

Robert N. Scola, Jr.
United States District Judge